Mr. James, please proceed. Good morning. May it please the Court, this appeal involves a patent that's related to a joist hanger predictably designed for use with a firewall. In this case, there are a number of issues involved. Today, I'd like to, if time permits, address the construction of the Configure 2, extend through limitation, the written description support for the spacing limitation in Claims 1 and 13, and the lack of motivation to combine. If I may, I'd like to make, very briefly, an observation concerning the 510 patent that I believe bears significantly on the issues before this Court today. Both parties to this case were working on the problem of designing a joist hanger that could be used with a firewall at the same time. How do we know this? Simpson filed a patent application on this subject, and then three weeks later, the application that ultimately became the 510 patent was filed. Why does that matter? Well, the approach that Simpson took to this problem of how do you design a hanger for use with a firewall, was they simply took, if my arm is the wall frame, they took the top flange and added sort of an extension to push out the channel-shaped portion of the hanger that receives the joist. And so what this shows is that Simpson held with a strong bias in the prior art at that time against designing a hanger to make any sort of disruption in the firewall. Can I move you to the written description? You sure can. It's a little unclear to me, I guess, well, let me just ask, maybe this is a little silly to start with, but if I'm out there and I design, and I know I'm going to get the terminology wrong because I don't deal in construction, but if I've got two five-eighth inch sheaths and adding in a half an inch sheath, is that going to be infringing under your claim or not? It would be, but what I'd like to convey to you is, what I'd like to convey to you is, you know, we need to look at that limitation from the perspective of the person with the ordinary skills. Well, before we do that, can we look at what we've got in front of us, which is the specification and the drawings? Right. What in the drawings or in the specification would tell me and put me on notice that that configuration I've described to you, two five-eighths of an inch sheaths, sheathing, say sheaths or sheathing? Sheathing, sheaths, either one. Right, and a quarter and a half an inch, four-eighths inch. I mean, the only thing in the written description in the aspect I see about this, and tell me if there's more, is column four, where it speaks to layers of five-eighth inch gypsum board mounted. And then you've got the diagrams, which you rely, the figures, which you rely heavily on in your argument. So which figure is going to show me that I will be infringing with the configuration I gave you? Well, I think numerous figures, but figure 10, for example, would show you that. And what I'd like to sort of draw your attention to is the Vasquez versus Mercar case, which we've cited. Well, let's look at figure 10, then, just to make sure we're on the… Okay, let's look at 10. So how does figure 10 show me that the configuration I've described to you is… Either one. Okay. So what it shows you is that it shows you that you have two sheets of sheathing in there. And it shows you very clearly on an instance notice that you can't put a third sheet in there. It's not going to fit. That's all you need to know. Well, no, but you can't put a third sheet in that. So that says you can't put another five-eighths inch sheet in that. That's right. But my alleged infringing device has a four-eighth inch sheet. Right, a half an inch, in other words, right. Less than a half an inch. Well, the answer is yes, but I'm saying that's not the way you look at it. What you do is you look at the literal words of the claim and say, it'll fit two five-eighths, but not three. You don't convert it to standard units of measure and then say, oh, gee, how do I add this up? That's not what the claim says. The claim says two but less than three. It does. It's a range. It is. And you just said it would cover two of the five-eighths sheets plus one half. I don't understand where this shows that you can also fit a half in here. It doesn't need to show that. All it needs to do is show you that it will receive two five-eighths, but not three of them. That's all it needs. Well, it has to show that it will receive up to just short of three five-eighths, doesn't it? No, I don't think so. That's what the claim language does. I think it's because The claim language does not say about two five-eighths sheets or a little more than two five-eighths sheets will fit or whatever language a patent drafter would use. It says two five-eighths up to but not three five-eighths. And you've just said that that goes all the way up to just short of three five-eighths. It would, but the point of the limitation is to say that it receives two. I think if you look at the file history in this case, you'll see that in prior That's not what it says, though, right? Well, what is the claim? It says two but not three. I mean, we agree that's the way you could look at it. Are you saying that what the claim really means is two? It really does mean two. Because when you're talking about a firewall situation, it's five-eighths. But it really does mean two. But you just told me in my first question that I will be infringing if I do two five-eighths plus one four-eighths, that I will be infringing. So it's not just two, right? Right, but I think the question is how do you determine the scope of the claim? Well, is it just two or is it not just two? You said it's just two. Well, it has to be a little bit more. And getting back, if I may. And it is going to be plus four-eighths of an inch, according to you. It could be. Okay, all right. But what I'm saying is that it can't be just exact. We'd like to say just exactly two, but you can't because we do say in the specification that there are some embodiments where the hanger is installed first, and then you come back and put the sheathing in. Now, remember, the sheathing has got to be just as tall as the wall. Well, you do say in the spec. The only place that I found in the spec that you talk about this five-eighths stuff is in column four, line 15 through 20. And you do say you talk about the five-eighths inch, and then you say although other configurations of fire, retard, and search are within the scope of the present invention. Well, I don't know what that means. Other configurations can mean almost anything. So are you relying on that language to say that there's a written description? We're not relying on it. Where is the language that you were just referring to about how in some embodiments you come in and insert the gypsum boards after the fact? So if you had a space that was only five-eighths plus five-eighths, you literally would not be able to get two gypsum boards in there, right? Right. Yeah, so where is the language? But the perspective of the person of ordinary skill in the arts says it has to have a space to receive at least two. Right, so where in the spec is that? That has the gypsum boards being inserted later? We do, and I'm struggling to find that citation, which I thought I had marked. We do talk about it coming in later, and to do that, you have to insert the sheathing at an angle. I understand, so there has to be more than two times five-eighths space. It has to be. To achieve that, but where in the patent does it say that, though? It doesn't. You say it in those terms. What it does is describe the situation because, again— Stop fighting me. I'm friendly. I'm not hostile. So where in the patent is the section that—I mean, this is only eight columns or whatever, ten columns. Where does it say that you'll insert the two five-eighths later? I understand your argument is a skilled artisan would know you have to leave a little more than two times five-eighths in order to be able to achieve that, or you wouldn't be able to get them in there. So I'm just asking— Okay, sorry. I'm sorry. I'm sorry I'm fumbling around. I thought I had this marked. Look at column 10, line 65, through column 11, line 23. And I do apologize. I thought I had that marked, and I didn't. Okay. I'm sorry. Column 10 on column 11, do you have lines for me? I do. Column 10, line 65, through column 11, line 22. Okay, so what is it you want me to take away from this? Well, what I'm saying is that that provides sufficient information with a person of ordinary skill in the art to understand, look, it can't be exactly two times five-eighths. It won't fit. No. Well, yeah, I guess. I mean, I usually will see that coming in in the DOE case where it's obviously maybe a teeny bit bigger, but anyone would understand that it's the same function way result. But where do we get the – the numbers are precise in the claim. So where do we get the additional – what is the difference? Four-eighths of an inch? Right. Yeah, four-eighths. Well, that's what I'm trying to emphasize. To relate that as being necessary, wouldn't that be enough for another size sheath to get in there, even with enough wiggle room? Sure you could. You said in my example it wasn't this is wiggle room. It is I've got another sheath coming in, and it's four-eighths of an inch. Right, but I guess – So that would be covered, right? And that's just not wiggle room for a person skilled in the art. It's putting another sheath in. Well, I guess what I'm saying from the perspective of a person of an ordinary skill, first of all, they know that two five-eighths-inch sheaths is what you use for a fire-rated wall. They know that. So that's what this claim limit is telling you, that it's going to be a space that's sufficient to receive these to create a fire-rated wall. So you don't think you could have just written a claim that said it includes two five-eighths all, and then in the spec said, and of course there's wiggle room included. Would that be a more precise way of describing what your invention is? The problem with that seems to be it's a comprising claim. So if you set a space for two, that could be a space for 20, right? It could be. So you have to say you had to give two and not more than, and not three, because otherwise with a comprising claim, you couldn't have written this to say two, unless you wrote two and only two, but that would get kind of confusing. Yeah. I mean, it also involves, and I'm using up a lot of my time here, it also involves the way the prosecution went in that case. But do you think this is intended, the claim is intended to cover just two five-eighths sheets, but you need the extra space for what we're calling wiggle room? Or do you think that this claim could cover three sheets if they're not five-eighths, if they're smaller, or four sheets? The claim could cover that, but the meaning of the claim, what it's intending to convey is that it'll fit two, but it needs a little bit more room. That's what it's conveying. Could I just ask you one more question, if the Chief will? Just on the point of what's infringing, you said two things which seem maybe arguably inconsistent to me, that in the field, you use five-eighth inch stuff. So is your answer to my hypothetical, would there be infringement if there was a third sheet inserted and it was four-eighths of an inch? Is the answer to you is that just is never going to happen because in this field, we only use five-eighths inch sheets? Well, I hesitate to say never going to happen, but I think what I was saying is that in a situation where you're talking about how do you create a fire barrier, it's going to be two five-eighths. Why didn't you ask for a claim construction, then, that limited this space that's in here to two sheets that are five-eighths? Well, that wasn't our intent. I mean, we just said that's how, if you take the units of measure— Well, no, I'm asking you. It seems like that's what you're trying to— you're wiggling back and forth between, well, this is intended to just cover two five-eighths sheets, and everybody knows that depending on how the installation goes, you may need a little bit more space, but all this is covering is two five-eighths, and a skilled artist wouldn't know that, but then you're turning around and saying, well, this space could hold three, four, five, six sheets if they were smaller. I mean, and that doesn't— something holding six sheets doesn't seem anywhere supportive of written description. So it seems like if you want a written description for two five-eighths with wiggle room that you would have asked for a claim construction that limited this to two five-eighths sheets. Well, that's how we—maybe we could have done it better, but I guess what we're trying to say is that it's precise enough for the person of ordinary skill than we are to understand what we're talking about, and there are very good reasons why you wouldn't make this thing infinitely long because you've got a huge bending moment that you're going to introduce if you do that. So there are other reasons not to make it too wide. Can I just ask you—never mind. Can I reserve—I'd like to—yeah. Okay. We'll reserve our time. Mr. Crudeau. Good morning, Your Honors. May it please the Court. Columbia is trying to sidestep the Board's written description ruling by asking this Court to construe the claim as exactly two layers of five-eighths and sheathing. As an initial matter, we believe that Columbia waived this construction. Judge Hughes, you asked whether they proposed a construction. They didn't. We proposed a construction that would interpret the term as a continuous range that's a appendix 398 and 399. They never counterproposed a construction, and this is the first time that they presented a construction. I understand that, and that's the construction the Board gave, right? And so it is the range. It's not just limited to two sheets. That's correct, Your Honor. So conceivably, under the Board's construction, if you put a bunch of tinier sheets in there, despite what the industry practice is, it would, in their view, infringe. That's correct. I heard a concession that, indeed, the claims would cover two layers of five-eighths and sheathing plus another layer of half-inch, and it's not just the parties saying this. Both experts agreed on this point, Your Honor. Our expert testified at Appendix 1518 to 1519 that the limitation encompasses a measurable range, and the Board expressly relied on our expert's testimony at the bottom of Appendix 25. The Board's finding in that regard is entitled to deference. But Columbia's expert also agreed. He testified at his deposition that the claims cover a hanger whose extension portion is one and six-eighths inch or one and three-quarters inch long. That's at Appendix 2829 to 2833. And that value falls so squarely. Hypothetically, and I know we're not here and we can't get there, but if the claim construction had been to limit it to the space for two five-eighths pieces of drywall plus whatever extra space is needed to install them, do you think there's written description support for that in the patent? No, Your Honor. I think we would still have a written description problem because presumably there's a range of tolerances, and the specification doesn't disclose any value within that range, nor is there any extrinsic evidence on that point. Actually, the only extrinsic evidence is Columbia's own product sheet for its own hanger at Appendix 3687 that it touts as practicing the patent, and that extension portion is one and a half inches long, which, again, falls squarely within the range and is much more than wiggle room. You're saying that they waived it, but on page 994 of the appendix, it seems like they actually made this exact claim construction argument. What am I missing? It says, rather than claiming the size of the space between the connection portion and the channel-shaped portion of the claimed hanger in one-inch increments, the claims merely require that the spacing be sized to receive a discrete number of layers of a specific type of sheathing. That's exactly the claim construction argument that you're now saying they waived, and yet there it is, made directly below. Well, Your Honor, they didn't propose it in their patent owner response as a claim construction. It was made in that single sentence in the SIR reply, and even then, that language that Your Honor just read says nothing about a nominal tolerance that they invoke now today. So it's our position that the construction is different, even then the sentence that Your Honor just read that was made in passing in the SIR reply. But in any event, our position is that the construction is simply wrong, given that both experts agreed that this limitation resides in numerical range, and as I said, the Board relied on our experts' testimony on that front. What about the language that your friend cited in the specification in columns 10 and 11? Is that because the deal with, as I understand it, limited their dealing with fire-rated wall applications? That passage, Your Honor, refers to installing the hanger before sheathing, but it doesn't say anything about the length of the extension portion, which is what is at issue here. And importantly, in column 4, line 22, this is appendix 200, the patent states that the hanger can be used for other wall configurations or fire-resistant wall configurations. And so this makes, or I'm sorry, with any wall assembly or fire-rated wall assembly. And so this passage of the specification makes clear that the hanger applies not only to fire-resistant applications, but to any applications, including those that don't use presumably fire-resistant sheathing. And in fact, Claim 1 doesn't recite fire-resistant sheathing at all. If there are no questions, Your Honors, I'd like to turn to the cross-appeal, but I'm happy to answer any questions. Well, I guess I'm really surprised, because when we have these range cases, it's always in the unpredictable arts. It's in the chemical arts and things like this. This is just gypsum board and a hanger. This isn't complex. And you've got at least six figures of this patent that completely support exactly the claim limitation. So what? I don't understand. Well, Your Honor, the figures show only two layers of 5-8th-inch sheathing. And the claim says two and not three. And that's what the figures show. Do the figures show two and not three? The figures do show that, Your Honor, but the claim limitation, it refers to discrete layers of sheathing to express an equivalent range for the physical length of the extension portion. And that is a numerical range. I just heard a concession today that it is... Isn't it true that this record reflects that 5-8th-inch sheathing is the standard sheathing used for fire-retardant walls? It is commonly used for that purpose, Your Honor. I don't believe there's anything in the record saying that it's the only sheathing that is used. So the claim says two 5-8th-inch sheets but not three, and there are six pictures that show a space for two 5-8th-inch sheets but not three. How is that not supported? Because, Your Honor, the limitation is expressing an equivalent range for the length of a physical component. It refers to two but not three, but it's using... I mean, this is why I'm a little surprised when I asked you the hypothetical that if this was construed as being limited to only two sheets of 5-8ths, whether there would be written description support. Because it does seem to me that the specification in the drawings talk about two sheets but not three, and the drawings show two sheets of 5-8ths. But your friend already said that this would cover more than two sheets if they were of different sizes. So if the claim construction were limited to only two 5-8ths sheets, I think you have a problem on written description. That's true if it's exactly two sheets, Your Honor. I was answering the question if it were two sheets plus some amount of tolerance, if there was a range of tolerance. But Claim 10 and 11 expressly articulate the method of installing this, which has the hangers going in first, and you have to then retrofit the sheets in between two preexisting spaces. I mean, I'm not an expert in the construction arts, but I've done enough home improvement projects to know you've got to leave yourself a little bit of space to get those sheets in there. You can't make it exactly to the tolerance. So why doesn't, since it discloses exactly that on columns 10 and 11, why doesn't that necessarily include what we all keep talking about as the wiggle room? Why wouldn't it connect? Because all we're talking about here is, did the inventor possess this? This isn't about enablement. I mean, there's no enablement question here, right? That's correct, Your Honor. I mean, how could there be? This is pretty simple art. So there's no enablement question. So the only question here with written description is do we believe the inventor possessed the invention of two 5-8ths-inch sheets, not three? But the predicate to the question is that the limitation does indeed require two discrete layers and not three layers. But that's not, I mean, this limitation was... Not three layers of 5-8ths. Correct, but the limitation expresses a continuous numerical range, and that's the point. If that construction is correct... It doesn't, though. It does not actually discuss a numerical range. It says two layers of 5-8ths-inch thick sheeting and not three layers of 5-8ths-inch sheeting. So you keep talking about a range, but when we see range claims, it's 1.1-1.7. This is talking very clearly about two sheets, not three sheets. It's an equivalent way of expressing range. Remember, the component that we're talking about is a physical component with length, and it wouldn't make sense to refer to it in terms of discrete layers. But there are six figures in a single art that show exactly this, and then columns 10 and 11 talk about how you need the wiggle room to push the sheets in, and one of skill in the art would know that. How does that not show the inventor possessed a space for two sheets plus a little wiggle room? This is just possession. Everybody knows these claims are enabled. I don't see how I could conclude this inventor did not possess this. Six figures show exactly it. That's correct, Your Honor, under that interpretation of the claims, and we submit that that interpretation is just not correct, because... I mean, it's common to use discrete number of units to refer to a continuous range, and that's what the applicant did here. In fact, the examiner suggested that the applicant use the language found in paragraph 53, which is what we were reading earlier, column 4, line 15, which refers to exactly two layers of five-dimensional sheeting, and yet they chose to use different terminology in the claim itself,  that there was a meeting of minds between the examiner and the applicant as to what the claim means is just wrong, Your Honor. And I would also submit that a tolerance or wiggle room is already accounted for by the lower limit of the claim, that is, the phrase large enough to permit two layers of five-eighths-inch sheeting suggests that the distance could be slightly larger, and so the upper limit must mean something different, and I think the most natural reading, and that both experts agreed on this reading, is that it's a continuous numerical range. If I can, I would like to turn to the... What is the lower limit of the range, as construed? It would be equivalent to one and a quarter inches. But you just said that I should interpret permit two layers as bigger than that, because you've got to have space to get it in. So if the lower thing in the range is exactly one and a quarter inches, how does that comport with what you just said? Well, just that if there were... My point was only that if the claim limitation recited only the lower limit, that there would be tolerance, and we wouldn't need the upper limit to convey that tolerance. Columbia's arguing that that is the only purpose of the upper limit. That's a very awkward way to say two layers and a little bit of wiggle room. They could have used other language like approximately or about, and they didn't do that. Again, the examiner encouraged them to use language found in the specification referring to two layers, and they didn't. I would like to address the indefiniteness argument on our cross-appeal. The board erred in holding the claim 20 and substitute claim 40 are not indefinite. Unlike every other claim in the patent, these claims don't recite a particular size for the hanger's extension portion. Rather, they merely require the hanger to be large enough to receive the drywall without saying which or how much. I think the ambiguity here is highlighted by the conflict between the specification and the claims. Again, as we've been discussing, the specification refers to two layers, the 5-8s and sheathing, but claims 20 and 40 disregard that teaching altogether, and neither refer to that configuration or any other standard drywall configuration. Even Columbia itself hasn't been consistent as to what these claims mean. The best it can do is invoke standard drywall thicknesses that are not referenced in the claim or the specification. The fact that standard drywall exists doesn't answer the legal question of what the claims mean. The problem here is that a person with skill in the art wouldn't even know whether the claim is limited to one or more or all of those standard drywall thicknesses. This creates the zone of uncertainty that the Nautilus standard is designed to prevent. One interpretation of the claims is that the hanger must be long enough for the particular application at issue, but that's problematic because a skilled artisan can't know whether a given hanger is covered by the claims unless he also knows the intended use. Even if that intended use falls within the scope of the claim, others might not be. We run into this problem that any given hanger simultaneously falls within the scope and doesn't. This court has noted in the Halliburton case that that is the epitome of indefiniteness. The court there said that a claim construction requiring separate infringement determinations and that yields different outcomes based on every set of circumstances is likely to be indefinite and reaffirmed the same principle in the Liberty ammunition case cited in our briefing even after Nautilus. Columbia argues that the claim actually means that the hanger must accommodate any amount of drywall, but that can't be correct either. As an initial matter, that would run into a written description problem for the reasons that we've been discussing, but that is also problematic because it reads the limitation out of the claims altogether. Do you want to save any time at all for our battle? I do. I'm sorry, Your Honor. Thank you very much. Can I just ask you? I don't understand why when you're arguing that this claim has written descriptions for it because it's two, not three, pieces of drywall, that you then turn around and say, but three pieces of drywall, if one of them is less than five-eighths, because it would fit in this space, would infringe? Well, I think on the one hand, we're talking about, you know, what does the claim limitation actually see? On the other hand, we're saying well, how would someone actually use the claimed hanger in the field? I mean, to me, those are two completely different questions. The claim doesn't prescribe the use of a particular size drywall in the field. But you're asking us to construe the claim to not have a range, which is what the Board did, but to be big enough to hold two but not three sheets. And so if the claim is limited to two sheets of five-eighths inch drywall, then why would two five-eighths plus one quarter or one half or whatever you might add infringe? Because that's the size that the hanger was constructed. You know, it's constructed at a size that fits within the literal words of the claim. Well, I don't see where you have written description support if we're construing it to limit it to two five-eighths for three sheets of drywall. Well, I'm just saying... It's either a range or it's two sheets. One of them, I don't think you have written description support. The other one, I think you do. I think you're trying to have this both ways. Well, I mean, again, we're just talking about providing... So you don't agree that this claim construction should be limited to two and only two sheets of drywall with whatever amount of wood... I think that's how the person of ordinary skill in the art would understand it measured in units of five-eighths. So is that the correct claim instruction? That is the correct way to construe the claim. So if that's the correct claim instruction, that it's two and only two sheets of five-inch drywall, why would two sheets of five-eighths plus one smaller sheet in French? Well, you could conceivably have some smaller sheet, but I'm just saying that's the way the person of ordinary skill in the art would understand it. So... I just want to say very briefly in the time that I have left that just in general I think the issues on this appeal can be analyzed... can be solved by analyzing the claims as written, the board's construction of configure to extend through sheet and completely reads out the requirement to extend through under the proper construction. You didn't address that in your opening. You didn't get a chance to address it. Good point. Although he can address it on... My fault. So I just want to go back to... I think we need to talk a little bit about the Vascaff case. I think that case... Getting back to this question of written description and support... Your time is up, and we definitely have a strong appreciation for the Vascaff case. Why don't we go ahead... Well, you actually didn't address indefiniteness so you don't have a rebuttal. Case is taken under submission. I thank both counsel for their arguments.